**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1627
_____

UNITED STATES OF AMERICA

v.

RICHARD MARTINEZ
also known as TOCA,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Criminal No. 2-10-cr-00716-014)
District Judge: Honorable Juan R. Sánchez

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 12, 2021

Before: McKEE, GREENAWAY, JR., and BIBAS, <u>Circuit Judges</u>

(Opinion filed: October 13, 2021)

_____

_____

OPINION*

_____

PER CURIAM

Richard Martinez appeals pro se from the District Court's denial of his motion for compassionate release. The Government has filed a motion for summary action. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2012, Martinez pleaded guilty in the District Court for the Eastern District of Pennsylvania to a narcotics conspiracy offense. He had previously been convicted of four felony drug offenses. He was sentenced to a term of 315 months' imprisonment. Martinez did not appeal.

In February 2021, Martinez filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He argued that the District Court should resentence and release him because his prison had a high rate of COVID-19 infections. He stated that he had previously had a heart attack, was obese, and had hypertension, placing him at a high risk of complications or death if he contracted COVID-19. He also argued that his sentence should be reduced because a provision of the First Step Act of 2018 lowered the applicable mandatory minimum sentence for his conviction. Martinez contended that he

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

had worked in prison, completed many vocational, educational, and therapeutic pro-grams, and maintained a perfect disciplinary record for the last 10 years.

In March 2021, the District Court denied his motion. The District Court con-cluded that Martinez had not established any extraordinary and compelling reason for re-lease. Further, the District Court determined that the relevant sentencing factors weighed against his release. Martinez timely appealed, and the Government has moved for sum-mary affirmance.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's or-der for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We will grant the Government's motion. The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a dis-trict court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A). Those factors include "the nature and circum-stances of the offense and the history and characteristics of the defendant," id. § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford

3

adequate deterrence to criminal conduct;" and "to protect the public from further crimes of the defendant." Id. § 3553(a)(2)(A)-(C).

We discern no abuse of discretion in the District Court's conclusion that the § 3553(a) factors weighed strongly against granting Martinez compassionate release.[1] The District Court noted that Martinez had committed a serious crime, involving a large drug distribution conspiracy, and that he had previously been convicted of four drug-related offenses. Observing that Martinez had served less than half of his sentence, the District Court reasoned that the length of his sentence was necessary given the seriousness of his offense. It also determined that the length of the sentence promoted respect for the law and sent a strong deterrent message. The District Court explained that these factors, taken together, weighed against reducing Martinez's sentence.

With this analysis, the District Court appropriately applied the § 3553(a) factors, and we discern no error in its consideration of the relevant factors. We thus do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Pawlowski,

---

[1] Based on this conclusion, we need not address whether Martinez described "extraordinary and compelling reasons" under the statute. 18 U.S.C. § 3582(c)(1)(A)(i). We note the District Court's finding that Martinez has received a COVID-19 vaccine and its observation that the provision of the First Step Act cited by Martinez is explicitly not applicable retroactively. In any event, Martinez's reliance on United States v. Murphy, 998 F.3d 549 (3d Cir. 2021), on appeal is misplaced; there, we addressed a retroactive provision of the First Step Act in the context of a request for sentence reduction under § 3582(c)(1)(B).

4

967 F.3d at 330 (internal quotation marks and citation omitted).

Accordingly, we will summarily affirm the District Court's judgment.[2]

---

[2] The Government's request to be excused from filing a brief is granted.